Mbengue v. Garland

BIA
Vomacka, IJ
A093 436 064

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of October, two thousand twenty-one.

PRESENT:
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

FATOU MBENGUE,

> *Petitioner*,

> v.                                              20-2449

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

_____

FOR PETITIONER:        Genet Getachew, Law Office of Genet Getachew, Brooklyn, NY.

FOR RESPONDENT:        Brian Boynton, Acting Assistant Attorney General; Sabatino F. Leo, Assistant Director; Madeline Henley, Trial Attorney, Office of Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Fatou Mbengue, a native and citizen of Senegal, seeks review of the BIA's 2020 decision affirming a 2018 decision of an Immigration Judge ("IJ") denying her application for cancellation of removal. *In re Fatou Mbengue,* No. A093 436 064 (B.I.A. July 2, 2020), *aff'g* No. A093 436 064 (Immig. Ct. N.Y. City July 16, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the BIA's and the IJ's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). For a nonpermanent resident like Mbengue, the Attorney General may cancel removal where, as relevant here, the applicant "establishes that removal would result in exceptional and extremely unusual hardship to" a qualifying relative – here Mbengue's U.S. citizen daughters. 8 U.S.C. § 1229b(b)(1). Our jurisdiction to review this hardship determination is limited to constitutional claims and questions of law. *Id.* § 1252(a)(2)(B)(i), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 36, 38–40 (2d Cir. 2008). A question of law may arise

2

where the agency "overlooked" or where it "seriously mischaracterized" evidence, *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009), or applied "a legally erroneous standard," *Barco-Sandoval*, 516 F.3d at 39. We dismiss the petition because Mbengue has not raised a colorable constitutional claim or question of law sufficient to invoke our jurisdiction.

Establishing "exceptional and extremely unusual hardship" is a heavy burden, requiring the applicant to show that "qualifying relatives would suffer hardship that is substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members here." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001); *see also In re Andazola-Rivas*, 23 I. & N. Dec. 319, 322 (B.I.A. 2002) (noting that exceptional and extremely unusual hardship is a "very high standard").

Mbengue argues that the IJ violated her right to due process by taking administrative notice of a UNICEF report on female genital mutilation ("FGM") in Senegal, which the IJ used to determine that Mbengue's daughters would not be subject to hardship were Mbengue removed to Senegal, without giving her an opportunity to rebut the report. We do not reach this issue because, as the Government points out, Mbengue did not exhaust this issue before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104,

3

107 & n.1 (2d Cir. 2007). Moreover, were we to reach the issue, we would find no merit, as Mbengue does not rebut the IJ's findings or explain how she was prejudiced by the consideration of more recent country conditions evidence. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008). Specifically, Mbengue does not identify any facts asserted in the UNICEF report and relied upon by the IJ that she would rebut, and does not challenge the other bases for the IJ's finding that Mbengue's daughters were not likely to be subjected to FGM.

To the extent that Mbengue exhausted her remaining claims, they do not raise colorable questions of law. She argues that the agency did not apply the correct legal standard requiring consideration of all hardship factors in the aggregate. We disagree. Both the IJ and the BIA referenced the correct standard, the IJ discussed all of the hardships Mbengue asserted in her testimony and application, and the IJ concluded that, taken together, the evidence did not show "exceptional and extremely unusual hardship." 8 U.S.C. § 1229b(b)(1).

Mbengue further argues that the IJ overlooked relevant evidence, including evidence regarding infectious diseases and the unequal treatment of girls in Senegal. However, none of the purportedly overlooked evidence concerns the hardships she alleged before the IJ—Mbengue's fear that her daughters would be subject

4

to FGM, her daughters' asthma, and the lack of available employment in Senegal. She did not argue before the IJ that her daughters were at risk of forced marriage or any of the other hardships she discussed for the first time in her briefs to the BIA and this Court. *See Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015) ("[T]he BIA may refuse to consider an issue that could have been, but was not, raised before an IJ."). Accordingly, she has not raised a colorable claim that the IJ erred as a matter of law by not discussing this evidence in his decision. *See Mendez*, 566 F.3d at 323 (holding that an error of law may arise where facts relevant to the hardship determination "have been totally overlooked," but that "the agency does not commit an error of law every time an item of evidence is not explicitly considered or is described with imperfect accuracy" (internal quotation marks omitted)); *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise.").

For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5